UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN CARLOS CUEVAS MEDINA,

        Petitioner,

v.

                                Case No.: 2:26-cv-00116-SPC-NPM

KRISTI NOEM *et al.*,

        Respondents,
_____/

## OPINION AND ORDER

    Before the Court are Jean Carlos Cuevas Medina's Verified Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7). For the below reasons, the Court grants the petition.

    Cuevas Medina is a native and citizen of the Dominican Republic. He entered the United States in 2022. Immigration and Customs Enforcement ("ICE") arrested Cuevas Medina, commenced removal proceedings, and released him under an order of release on recognizance. Cuevas Medina timely filed an application for asylum and withholding, which remains pending. He has no criminal record. On December 15, 2025, the Department of Homeland Security ("DHS") issued Cuevas Medina a notice to appear before an immigration judge on August 11, 2027. On January 1, 2026, border patrol agents stopped Cuevas Medina's vehicle and arrested him. He is currently

detained at the facility known as Alligator Alcatraz. ICE considers him ineligible for release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Cuevas Medina. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Cuevas Medina asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims and (2) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Cuevas Medina's detention is governed by § 1226(a), not §

1225(b)(2). As a noncitizen detained under § 1226(a), Cuevas Medina has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Cuevas Medina before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Cuevas Medina to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Cuevas Medina receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jean Carlos Cuevas Medina's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Cuevas Medina for an individualized bond hearing before an immigration judge or (2) release Cuevas Medina under reasonable conditions

3

of supervision. If the respondents release Cuevas Medina, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1