UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN CARLOS CUEVAS MEDINA,

      Petitioner,

    v.                            Case No.:  2:26-cv-00116-SPC-NPM

KRISTI NOEM *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Jean Carlos Cuevas Medina's Motion to Enforce Habeas Order or, in the Alternative, Motion to Supplement Petition and for Immediate Release or Further Relief (Doc. 11) and the government's response (Doc. 12).

Cuevas Medina is a noncitizen in immigration detention, and he sought habeas relief from this Court. He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing. The Court agreed and ordered the respondents to either bring Cuevas Medina before an immigration judge for a bond hearing or release Cuevas Medina from custody.

At the respondents' request, the Executive Office for Immigration Review scheduled a bond hearing for 3:00 p.m. on February 9, 2026. Cuevas

Medina's immigration counsel timely submitted evidence via the immigration court's electronic filing system. The immigration court rejected the evidence thirty minutes before the hearing because it was submitted to the Miami Immigration Court rather than the Miami (Krome) Immigration Court. But at the time, that was counsel's only option. The filing system still reflected an August 11, 2027 hearing in the Miami Immigration Court, not the newly scheduled bond hearing in the Krome court. After receiving the rejection email, counsel promptly resubmitted the evidence at 2:48 p.m. on February 9, 2026. Nevertheless, the immigration court denied bond solely because it had "not received any documents from Respondent's counsel in support of Respondent's bond held at 3 pm EST." (Doc. 11-2 at 151).

"[H]abeas corpus is, at its core, an equitable remedy." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). The "principle that a court of equity may fashion a remedy that awards complete relief...has deep roots in equity." *Trump v. CASA, Inc.*, 606 U.S. 831, 850-51 (2025). It is clear from the post-judgment facts of this case that the Court's original remedy did not provide complete and just relief. The only appropriate habeas relief now is release from custody. Accordingly, Cuevas Medina's post-judgment motion (Doc. 11) is **GRANTED**. The respondents shall release Cuevas Medina from custody within 12 hours of this Opinion and Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

2

**DONE AND ORDERED** in Fort Myers, Florida on February 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3